IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARL KELLER,<br><br>    Plaintiff,<br><br>    v.<br><br>P.O. JOE BALSIS #1480, UNKNOWN ROSEMONT OFFICERS, and the VILLAGE OF ROSEMONT,<br><br>    Defendants. | No. 09 cv 5750 |

## COMPLAINT AT LAW

NOW COMES the PLAINTIFF, by and through Horwitz, Richardson, & Baker LLC, and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit P.O. JOE BALSIS #1480, UNKNOWN ROSEMONT OFFICERS (hereinafter, the "DEFENDANT OFFICERS"), and the VILLAGE OF ROSEMONT.

## JURISDICTION

1.      The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2.      PLAINTIFF is a resident of the State of Illinois and of the United States.

3.      The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the VILLAGE OF ROSEMONT.

1

4. The VILLAGE OF ROSEMONT is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS, as well as the other officers and/or employees referred to in this Complaint. At all times material to this Complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the VILLAGE OF ROSEMONT.

## FACTS

5. On or about November 9, 2008, at the All-State Arena during a sporting event, the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF. Specifically, some or all of the DEFENDANT OFFICERS violently grabbed the PLAINTIFF and dragged him over a vertical barrier, despite the fact that the PLAINTIFF had not resisted arrest, threatened the DEFENDANT OFFICERS, and was not a threat to the DEFENDANT OFFICERS. This conduct violated the Fourth Amendment to the United States Constitution.

6. The DEFENDANT OFFICERS arrested and charged the PLAINTIFF with resisting arrest, notwithstanding the fact that on November 9, 2008 the PLAINTIFF had not committed the crime of resisting arrest. This conduct violated the Fourth Amendment to the United States Constitution.

7. On or about November 9, 2008, PLAINTIFF did not obstruct justice, resist arrest, batter and/or assault any of the DEFENDANT OFFICERS.

8. The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

9. The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF, notwithstanding the fact that the DEFENDANT OFFICERS failed

to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

10. On November 9, 2008, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

11. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

12. On or about November 9, 2008, the DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and were duly appointed police officers for the VILLAGE OF ROSEMONT. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

13. Upon information and belief, on November 9, 2008, P.O. JOE BALSIS #1480 came into physical contact with PLAINTIFF.

## CONSPIRACY

14. Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

    a. agreeing to falsely arrest the PLAINTIFF;

    b. agreeing to falsely institute criminal charges/proceedings against the PLAINTIFF;

    c. using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFF;

    d. agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFF;

      e. agreeing not to report each other after falsely arresting and/or charging the PLAINTIFF; and

      f. generating false documentation to cover-up for their own and each other's misconduct.

15. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about November 9, 2008, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFF to, *inter alia*, suffer physical injury, be charged with criminal allegations, incur financial losses, including attorneys' fees and lost wages, and suffer emotionally.

## COUNT I
## Excessive Force Claim Pursuant to
## 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution

16. PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

17. The actions and/or the failure to intervene in the actions of the DEFENDANT OFFICERS amounted to an excessive use of force onto the PLAINTIFF.

18. This conduct violated the Fourth Amendment of the United States Constitution.

19. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

    WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT II
### False Arrest Claim Pursuant to
### 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution

20.     PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

21.     The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that the PLAINTIFF had committed criminal activity.

22.     Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

23.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT III
### False Arrest – State Law Claim

24.     PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

25.     The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity.  The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois law.

26.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT IV
### Battery – State Law Claim

27. PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

28. The DEFENDANT OFFICERS struck the PLAINTIFF intentionally, without consent and without justification.

29. The PLAINTIFF suffered injury as a result.

30. The conduct of the DEFENDANT OFFICERS was in violation of Illinois Law.

31. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations and injuries set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT V
### Malicious Prosecution – State Law Claim

32. PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

33. The DEFENDANT OFFICERS alleged that PLAINTIFF violated the laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against PLAINTIFF.

34. The DEFENDANT OFFICERS engaged in this effort without probable cause.

35. The underlying criminal charges were ultimately resolved in favor of PLAINTIFF on May 14, 2009.

36. The underlying criminal charges were resolved in a manner indicative of innocence.

37. The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

### COUNT VI
### § 1983 Conspiracy Claim

38. PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

39. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

### COUNT VII
### Conspiracy Claim – State Law

40. PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

41. The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

### COUNT VIII
### 745 ILCS 10/9-102 Claim Against the VILLAGE OF ROSEMONT

42. PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

43. Defendant VILLAGE OF ROSEMONT is the employer of the DEFENDANT OFFICERS.

44. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the VILLAGE OF ROSEMONT.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the VILLAGE OF ROSEMONT pay PLAINTIFF any judgment obtained against the DEFENDANT OFFICERS as a result of this Complaint.

## COUNT IX
### Supplementary Claim for *Respondeat Superior*

45. PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

46. The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant VILLAGE OF ROSEMONT, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff demands judgment against the VILLAGE OF ROSEMONT and such other additional relief, as this Court deems equitable and just.

## JURY DEMAND

47. PLAINTIFF demands trial by jury.

                                      Respectfully submitted,

                                      s/ Blake Horwitz_____
                                      Attorney for the Plaintiff

**HORWITZ, RICHARDSON & BAKER LLC**
Two First National Plaza
20 S. Clark St., Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076